WILLIAM A. COOMBS AND COLLEEN L. COOMBS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coombs v. Commissioner
Docket No. 11996-81.
United States Tax Court
T.C. Memo 1984-366; 1984 Tax Ct. Memo LEXIS 308; 48 T.C.M. (CCH) 534; T.C.M. (RIA) 84366; July 17, 1984. *308 Colleen L. Coombs, pro se. Dan A. Lisonbee, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies of $343 in petitioners' Federal income tax for 1977, and of $616 for 1978. After concessions, the sole issue for decision is whether petitioners are entitled to deduct as business expenses amounts paid to their minor children for the stated purpose of renting a trailer for use by William Coombs when he traveled in connection with his job as a construction worker. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The stipulation and related exhibits are incorporated by this reference. Petitioners resided in Orem, Utah, when they filed their petition. They timely filed joint Federal income tax returns for 1977 and 1978 with the Internal Revenue Service. During the years at issue, William Coombs frequently was required to travel away from home in connection with his job as a construction worker. While away from home, he lived in a trailer that he claims to have rented from his son Douglas, age 11, and his daughter Katrina, age 7. Petitioners claimed a deduction *309 on their 1977 and 1978 Federal income tax returns for rents paid to their children in the amounts of $1,627 and $2,400, respectively. Respondent disallowed these deductions, arguing that the petitioners should be treated as owners of the trailer for tax purposes. The trailer was acquired in the following manner. On June 27, 1977, petitioners obtained a loan from the First Security Bank of Utah in the amount of $1,600 plus interest. They signed a note to the bank in which they agreed to make 24 monthly payments of $77.21 each, beginning July 27, 1977. The check from the bank was deposited into the checking account of William and Colleen Coombs. Petitioners then issued a check in the amount of $1,555 to Robert Martin in exchange for a trailer that was suitable for use by William Coombs. The title to the trailer was placed in the names of Katrina and Douglas Coombs, who were then ages 7 and 11. Petitioners made all monthly payments on the loan with checks issued from their personal checking account. Occasionally they would deposit lump sum payments into accounts held at a credit union jointly in the names of "Douglas and Colleen Coombs" and "Katrina and Colleen Coombs." The *310 following payments, characterized by petitioners as rental payments, were made to the children on the dates and in the amounts indicated: Date
Payee
Amount
07/27/77
Douglas Coombs
$500
07/27/77
Katrina Coombs
500
12/27/77
Douglas Coombs
200
12/28/77
Katrina Coombs
125
12/29/78
Douglas Coombs
1,200
12/29/78
Katrina Coombs
1,200
As soon as petitioners made these "rental" payments, amounts would be withdrawn from the joint accounts as reimbursement for the loan payments petitioners had made to the bank. With the remainder of the funds deposited to this account, the children bought items such as a go-cart, a stereo and furniture, and also paid for several vacations. OPINION The issue for decision is whether petitioners or their children should be treated as the owners of the trailer for Federal income tax purposes. We note at the outset that "taxation is not so much concerned with the refinements of title as it is with actual command over the property taxes--the actual benefit for which the tax is paid." . Moreover, transactions among family members that result in the distribution *311 of income within a family unit "are subject to the closest scrutiny." , affd. ; ; . Although title to the trailer was placed in the names of Katrina and Douglas, we conclude that petitioners owned the trailer for Federal income tax purposes, and therefore are not entitled to deduct the amounts paid as "rents" to their children. It was petitioners, and not their minor children, who were liable on the note to the bank. Petitioners paid the former owner for the trailer, and made all monthly payments on the loan. They never relinquished control of the trailer to their children, and there is no evidence that they conferred with these "owners" regarding its use. William Coombs made all necessary purchases and repairs. No written lease was ever entered into. Cf. . In addition, petitioners never relinquished control of the funds paid to their children as "rents." The funds were deposited into joint *312 accounts controlled by Colleen Coombs, so that no money could be withdrawn by a "lessor" without a "lessee's" approval and signature. Colleen Coombs testified that the funds were deposited in joint accounts "because * * * it would be better if an adult had a signature so they could not take the money out with just theirs but they had to have another signture with it." Lump sum rental payments were made infrequently--usually close to the end of the taxable year--and then immediately withdrawn, in large part, to "reimburse" the parents for making payments on the bank note for which petitioners alone were liable. In deciding that this transaction was not entered into at arm's length, we are not unmindful of the fact that petitioners originally paid $1,555 for a trailer that, through the manipulation of family bank accounts, produced $5,725 of deductions over a three-year period. [1]
It is a settled principle of law that "a transaction entered into solely for the purpose of tax reduction and which has no economic or commercial *313 objective to support it is a sham and without effect for Federal income tax purposes." , on appeal (4th Cir., Feb. 27, 1984). We see no economic or commercial objective for this transaction, and therefore decline to recognize it for tax purposes. Since we have determined that petitioner should be treated as the owners of the trailer, it follows that they are entitled to certain additional deductions. Respondent has conceded that deductions should be permitted for state sales tax, repairs, license tax, interest, and depreciation. Due to these and certain other concessions, Decision will be entered under Rule 155.
Footnotes
1. Total rental payments claimed were $1,325 for 1977, and $2,400 for 1978. In 1979 (a year not before the Court) rental payments of $2,000 were claimed.↩